Filing # 159392186 E-Filed 10/17/2022 03:41:10 PM

IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

DONALD RAY PENNEY                    Case No.:

    Plaintiff,

vs.

MONITRONICS INTERNATIONAL, INC,

    Defendant.
_____/

## COMPLAINT

COMES NOW, The Plaintiff, DONALD RAY PENNEY, ("Plaintiff"), by and through undersigned counsel, and pursuant to rule 1.040, Florida Rules of Civil Procedure, files this Civil Action against the Defendant, MONITRONICS INTERNATIONAL, INC, (hereinafter referred to as "Defendant"). This action is filed under the Florida Civil Rights Act, §760.01, et seq., with respect to disability discrimination and retaliation. Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages as a result of disability discrimination and retaliation against on Plaintiff's in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant is authorized to conduct business in Marion-Dade County, Florida, where Plaintiff worked for Defendant.

**EXHIBIT "A"**

5. Venue is proper in Marion-Dade County because all of the actions that form the basis of this Complaint occurred within Marion-Dade County, the discriminatory acts took place in Marion-Dade County, and damages exceed $30,000.00

6. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff was initially hired by, and began working for Defendant on or about June 27, 2011, as a Technician.

8. On or about August 9, 2021, plaintiff had a meeting with Human Resources Department for the Defendant regarding an incident with a client and his Supervisor John Flak. The incident was regarding days off that plaintiff took because the Plaintiff has skin cancer.

9. Plaintiff is a disabled individual under the FCRA because he suffers from cancer. Plaintiff's disability, Cancer, affects Plaintiff's major life activities, including but not limited to walking, working, breathing, etc.

10. Plaintiff required accommodations at work and was not provided any accommodations, but instead Defendant disregarded Plaintiff's requests.

11. Plaintiff has further requested days off for his surgery and was terminated the same day, August 9, 2021, by his supervisor, Mr. Flak. The Plaintiff is at all relevant and material times an employee that excelled.

12. Defendant terminated Plaintiff as a result of his disability and in retaliation for opposing and objecting to Plaintiff's protected activities, complaining of Defendant's behavior toward Plaintiff as a result of Plaintiff's Cancer diagnosis and request for leave to have Plaintiff's surgery.

**EXHIBIT "A"**

13. Plaintiff notified his employer of his skin cancer; Plaintiff had surgery on the 27th of August of 2021. Plaintiff requested days off with a doctor's note.

14. All reasons proffered by Defendant for Plaintiff's termination are mere pretext of Defendant's discriminatory and retaliatory actions against Plaintiff, premised on Plaintiff's disability.

## COUNT I
### *DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. Plaintiff is a member of a protected class under the FCRA, as a result of Plaintiff's disability.

17. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

18. Such discrimination was based upon the Plaintiff's disability or perceived disability.

19. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race unlawful but acted in reckless disregard of the law.

20. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

21. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

**EXHIBIT "A"**

22. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

23. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

24. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

25. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

 A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

 B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

 C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

**EXHIBIT "A"**

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees and;

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *RETALIATION IN VIOLATION OF THE FCRA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this Complaint as if set out in full herein.

27. Defendant is an employer as that term is used under the applicable statutes referenced above.

28. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

29. The foregoing unlawful actions by Defendant were purposeful.

30. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

31. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

32. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

**EXHIBIT "A"**

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

33. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

For a money judgment representing prejudgment interest;

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

**EXHIBIT "A"**

Dated: October 17, 2022                             Respectfully submitted,

/s/     Jorge Costa
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No. 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No. 118269
mhorowitz@rgpattorneys.com
**Jorge L. Costa, Esq.**
Florida Bar No. 1031513
Jcosta@rgpattorneys.com
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce De Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

**EXHIBIT "A"**